UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RODNEY G. WILSON,

        Plaintiff,

and

MANAGED HEALTH SERVICES
INSURANCE CORP.,
LINDA SEEMEYER, and
ALEX AZAR,

        Involuntary Plaintiffs,

    v.                                                                           Case No. 18-C-430

WAL-MART STORES INC.,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH PA,
ABC INSURANCE COMPANY, and
JOHN DOE,

        Defendants.

## DECISION AND ORDER

On February 12, 2018, Plaintiff Rodney G. Wilson filed a complaint in Outagamie County Circuit Court against Defendants Wal-Mart Stores Inc., National Union Fire Insurance Company of Pittsburgh, PA, ABC Insurance Company, and John Doe. Defendant Wal-Mart filed a Notice of Removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Presently before the court is Wilson's motion to remand. For the following reasons, the motion will be granted.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court

of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removing party bears the burden of proving by a preponderance of the evidence that removal was proper and that it complied with the requirements of the removal statute. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *see also London v. Accufix Research Inst., Inc.*, 953 F. Supp. 255, 256 (N.D. Ill. 1997) ("[T]he party petitioning for removal bears the burden of establishing compliance with the removal statute's requirements."). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

"When a civil action is removed . . . all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see also N. Ill. Gas Co. v. Airco Indus. Gases, Div. of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir. 1982) ("As a general rule, all defendants must join in a removal petition in order to effect removal."). "Unanimity among the defendants must be expressed to the Court 'within thirty days after the receipt by the defendant . . . of the copy of the initial pleading' containing the removable claim." *Production Stamping Corp. v. Maryland Cas. Co.*, 829 F. Supp. 1074, 1076 (E.D. Wis. 1993) (quoting 28 U.S.C. § 1446(b)). To properly consent to removal or join a notice of removal, a co-defendant must sign the notice of removal. *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997) ("But all served defendants still have to support the petition in writing, i.e., sign it."). The removing party's "failure to include other defendants' consent may only be cured *within* the 30-day time period." *Denton v. Univ. Am-Can, Ltd.*, No. 12-C-3150, 2012 WL 3779315, at *3 (N.D. Ill. Aug. 30, 2012).

Although Wal-Mart filed a Notice of Removal on March 16, 2018, twenty-eight days after Wilson served both Wal-Mart and National Union, National Union did not immediately join in or

2

consent to Wal-Mart's notice of removal. Instead, National Union filed a notice of consent of removal on April 20, 2018, sixty-three days after it had been served and thirty-three days after Wal-Mart filed its notice of removal. Because not all of the defendants consented to removal within the thirty-day period, the defendants have failed to meet the consent requirements of 28 U.S.C. § 1446. Accordingly, Wilson's motion to remand is granted.

**IT IS THEREFORE ORDERED** that Plaintiff's motion seeking remand (ECF No. 6) is **GRANTED**. A certified copy of this order shall be mailed to the clerk of the Outagamie County Circuit Court pursuant to 28 U.S.C. § 1447(c).

Dated this  25th  day of April, 2018.

                                     s/ William C. Griesbach
                                     William C. Griesbach, Chief Judge
                                     United States District Court